IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

GERALD GAINES,

                Plaintiff,

                                            Civ. Action No.
  vs.                                      9:09-CV-0176 (GTS/DEP)

NORMAN R. BEZIO, *et al.*,

                Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

**[last known address**]
GERALD GAINES
*Plaintiff, pro se*
430 East 30th Street
New York, New York 10016

## REPORT AND RECOMMENDATION

Plaintiff, Gerald Gaines, a former New York state prison inmate who was released from custody on March 27, 2009, and whose whereabouts are not currently known to the court, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 claiming, *inter alia*, that he was denied due process and retaliated against by the defendants in violation of his constitutional rights.

On April 21, 2009, District Judge Glenn T. Suddaby issued a

decision and order directing the plaintiff to file an amended complaint and a letter by May 21, 2009 advising the court whether he agrees to waive all claims in this action relating to the loss of good time credits and advising that absent compliance with that directive the action will be dismissed without further order of the court.  *See* Dkt. No. 6.  That notice was mailed to plaintiff at the address listed in the court's records, Southport Correctional Facility; but was returned to the court on May 11, 2009 as undeliverable -"return to sender, not deliverable as addressed" and a handwritten notation to forward the letter to 430 E. 30th Street, New York, New York 10016.  *See* Dkt. No. 7.  After confirming through the New York State Department of Corrections inmate locator website, that plaintiff was released from prison on March 27, 2009, the clerk resent a copy of the April 21, 2009 order to the plaintiff at the address noted on the returned envelope.  *See* docket annotation entered on May 11, 2009.  That resent order, however, also was returned to the court as undeliverable with the notation "return to sender, not deliverable as addressed, unable to forward."  *See* Dkt. No. 8.

    Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link*

*v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 96-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (citations omitted)).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes.  As then-District Judge Pooler has noted,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted).  I have carefully weighed the five factors considered by the Second Circuit when reviewing a district court's order to dismiss an action for failure to prosecute, and/or for failure to comply with an order of the district court, under Rule 41(b), and I find that they weigh decidedly in favor of dismissal.  To date, the court has not received any communication from the plaintiff since March 24, 2009 when plaintiff wrote requesting a thirty day adjournment of the matter.[1]  *See* Dkt. No. 5.

---

[1] This request was denied by order of District Judge Suddaby as "moot and without cause." *See* Dkt. No. 6 at p. 8.

4

Moreover, I find that the need to alleviate congestion on the court's docket outweighs plaintiff's right to receive a further chance to be heard in this matter. Finally, I have considered less-drastic sanctions and rejected them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach plaintiff due to his failure to provide a current address.

For the reasons stated above, it is hereby respectfully

RECOMMENDED, that this action be DISMISSED based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) of the Local Rules of Practice for this court.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and

recommendation on the plaintiff at his last known address by regular mail.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: June 22, 2009
　　　　Syracuse, New York