UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERALD GAINES,

                        Plaintiff,

                                                               9:09-CV-0176
v.                                                           (GTS/DEP)

NORMAN R. BEZIO, *et al.*,

                        Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

GERALD GAINES
  Plaintiff, *Pro Se*
430 East 30th Street
New York, NY 10016

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action filed by Gerald Gaines ("Plaintiff") is United States Magistrate Judge David E. Peebles's Report-Recommendation recommending that this action be dismissed in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, based upon Plaintiff's failure to prosecute and to comply with this Court's Order dated April 21, 2009, as well as Plaintiff's failure to comply with local rules practice.

**I.     BACKGROUND**

Plaintiff commenced this action on February 17, 2009. (Dkt. No. 1.) On March 11, 2009, Plaintiff submitted a request to proceed *in forma pauperis*. (Dkt. No. 4.) On March 23, 2009, Plaintiff submitted a letter motion requesting a 30-day adjournment of any deadlines in this action due to the fact that he was scheduled to be discharged from prison on March 27, 2009. (Dkt. No. 5.) On March 27, 2009, Plaintiff was released from the custody of the state. (*Id.*) *See also* DOCS' Online Inmate Locator Service. On April 21, 2009, this Court issued a Decision and Order that, among other things, (1) granted Plaintiff's request to proceed *in forma pauperis*, and (2) ordered Plaintiff to file an Amended Complaint, within thirty (30) days from the filing date of the Decision and Order, to comply with the directives set forth in the Order. (Dkt. No. 6.)  Plaintiff has failed to file an Amended Complaint (or any other paperwork with the Court) since the Court's April 21, 2009, Decision and Order. In addition, all correspondence that has been sent to Plaintiff at his last known address has been returned as undeliverable. (Dkt. Nos. 7, 8.)

On June 22, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that the action be dismissed in all respects. (Dkt. No. 9.) Familiarity with the grounds of Magistrate Judge Peebles's Report-Recommendation is assumed in this Decision and Order.

**II.    LEGAL STANDARD**

Magistrate Judge Peebles correctly recited the legal standard governing a dismissal for failure to prosecute. (Dkt. No. 9, at 2-5.) As a result, this standards is incorporated by reference herein.

### III.  DISCUSSION

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous.  As a result, Magistrate Judge Peebles's Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.[1]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peeble's Report-Recommendation (Dkt #9)  is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Dated: July 28, 2009
    Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1]  *See Hollick v. Commissioner of Social Sec.*, 07-CV-1170, 2009 WL 365679, at *1 (N.D.N.Y. Feb. 11, 2009) (Treece, M.J.) (citing *Link v. Wabash R. Co.*, 379 U.S. 626, 629-30 (1962) [recognizing the federal court's inherent power to dismiss an action with prejudice because of the plaintiff's failure to prosecute and that Rule 41(b), which authorizes a defendant to move for such relief, does not divest a court of its inherent power to do same upon its own motion]); *Solomon v. Beachlane Management*, 03-CV-5688, 2004 WL 2403950, at *1 (S.D.N.Y. Oct. 26, 2004) ("A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b), Fed. R. Civ. P.") (citing *Spencer v. Doe*, 139 F.3d 107, 112 [2d Cir. 1998]).